# IN THE COURT OF APPEALS OF IOWA

No. 15-0381
Filed November 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW ALAN LEONARD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.


        Defendant challenges his sentences for robbery in the second degree and forgery.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Kelli Huser, Assistant Attorneys General, for appellee.


        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Defendant Matthew Leonard pleaded guilty to two counts of robbery in the second degree and one count of forgery, in violation of Iowa Code sections 711.1, 711.3, 715A.2(1), and 715A.2(2)(a)(3) (2013). The district court sentenced him to an indeterminate term of incarceration not to exceed twenty years with a seventy percent mandatory minimum prior to becoming eligible for parole. On appeal, Leonard challenges his sentence, contending the district court considered information outside the record at the time of sentencing, to wit: the district court considered Leonard's education history at a local private high school while expressing familiarity with the reputation of the high school; and the district court considered Leonard's substance abuse history in light of the district court's familiarity with substance abuse users.

We review Leonard's challenge to his sentence for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552-53 (Iowa 2015). This is a deferential standard of review:

> "In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. . . . The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.
> Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience,

uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review. Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds."

*Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724-25 (Iowa 2002)).

We conclude the defendant failed to establish the district court abused its considerable discretion in fashioning and imposing sentence. The challenged information regarding the defendant's education history and substance abuse history was presented to the district court in the presentence investigation report without objection. *See* Iowa Code § 901.5 (providing the district court shall receive and examine "all pertinent information, including the presentence investigation report"). Further, the defendant's counsel and the defendant raised the defendant's substance abuse history as a potential mitigating factor at the time of sentencing. While the district court may have made several stray remarks at the time of sentencing regarding the defendant's education and substance abuse history,[1] there is no indication the district court relied on information outside the record when imposing sentencing. *See State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) (stating it is the defendant's burden to establish the sentencing court relied on impermissible information or an

---

[1] The district court's statement regarding substance abuse was, "if you get into that—those drugs, then you're always going to have that problem." The district court's statement was made to inform Leonard he would be facing a lifetime challenge in response to Leonard's comment he no longer was an addict. Leonard later acknowledged he meant he was no longer "using" but he would always be an addict.

impermissible factor). The district court specifically identified the factors it considered in imposing sentence, including the defendant's age, prior criminal record, prior employment circumstances, substance abuse history and treatment as shown in the presentence investigation report, the nature of the offenses, the plea agreement, the fact there was no recommendation regarding sentencing, and the protection of the community. None of these factors are considered impermissible sentencing factors. We thus affirm the defendant's sentence without further opinion. *See* Iowa Ct. R. 21.26(1)(a) and (e).

**AFFIRMED.**